No. 25-0506

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 9, 2026
KELLY L. STEPHENS, Clerk

In re: METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TN, )
)
)
Petitioner. )

O R D E R

Before: BATCHELDER, MURPHY, and RITZ, Circuit Judges.

Defendant Metropolitan Government of Nashville & Davidson County, Tennessee, petitions under 28 U.S.C. § 1292(b) for permission to appeal the district court's order denying in part its motion for summary judgment in this putative class action alleging that Nashville's sidewalk ordinance amounts to an unconstitutional taking. Plaintiffs do not oppose the petition.

At the heart of this case is a now-defunct Nashville ordinance requiring builders to either install sidewalks or pay a fee in lieu of building, which would be used to fund sidewalk installation in other places. In 2023, we issued *Knight v. Metropolitan Government of Nashville & Davidson County*, 67 F.4th 816, 825 (6th Cir. 2023), in which we held that the sidewalk ordinance is subject to the "unconstitutional-conditions test" spelled out in *Nollan v. California Coastal Commission*, 483 U.S. 825, 837 (1987). Because Nashville had not argued that it could satisfy *Nollan*, our decision effectively rendered the sidewalk ordinance unconstitutional. *See Knight*, 67 F.4th at 836.

The plaintiffs in this case seek to represent a class of builders who spent money building sidewalks or paid the "in lieu" fee. The plaintiffs brought various claims, including one based on the Fifth Amendment's Takings Clause. Nashville now seeks to appeal the district court's order partially denying its motion for summary judgment. Among other reasons for its ruling, the district

court rejected Nashville's invocation of the "voluntary payment doctrine"—a common-law affirmative defense that bars recovery for voluntary payments of money made with knowledge of all the facts, "even if there was no legal liability to pay in the first instance." *Roach v. Underwood*, 241 S.W.2d 498, 499 (Tenn. 1951). Nashville's argument was based on plaintiffs' failure to seek a waiver before complying; the district court concluded that the doctrine did not apply because it was inapplicable to transactions that violate public policy. *See Pratt v. Smart Corp.*, 968 S.W.2d 868, 872 (Tenn. Ct. App. 1997).

"Our jurisdiction usually encompasses final judgments alone." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (order) (citing *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018)). But § 1292(b) permits the district court to certify an order for interlocutory review if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." We agree with the district court that this case satisfies those requirements.

Whether a defendant has made a prima facie case for an affirmative defense is a question of law. *E.g.*, *United States v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008) (necessity); *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (duress); *United States v. Sloan*, 401 F. App'x 66, 69 (6th Cir. 2010) (justification). And Nashville correctly notes that the district court must dismiss plaintiffs' claims if the city succeeds on appeal.

We do not seem to have grappled with this specific issue. It seems the closest we have come is *Silvernail v. County of Kent*, 385 F.3d 601, 604 (6th Cir. 2004), in which we affirmed the district court's order dismissing a constitutional challenge to a bad-check fee because the plaintiffs voluntarily paid. But the *Silvernail* majority expressly recognized that the plaintiffs had adequate

alternative procedures to correct erroneous payments, *id.* at 605, which does not appear to be the case here. Where the legal question involved is a novel issue, a substantial ground for a difference of opinion may be found if "fair-minded jurists might reach contradictory conclusions." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (order) (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Given the lack of binding caselaw and the common-law nature of Tennessee's voluntary-payment doctrine, fair-minded disagreement is possible.

Further, an interlocutory appeal will "materially advance the ultimate termination of the [case]." 28 U.S.C. § 1292(b). Class certification is a multi-step process based on robust briefing and scrutiny of the facts and circumstances of the case, and the party aggrieved by an order on certification can petition for immediate appeal under Federal Rule of Civil Procedure 23(f). Thus, an immediate appeal could eliminate "potentially unnecessary 'protracted and expensive litigation.'" *In re Somberg*, 31 F.4th at 1008 (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). This is not a case where interlocutory review would have a negligible effect on the litigation's path or where the district court could swiftly proceed to a final judgment even without review. *Cf. In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966).

Although we reach only the voluntary-payment-doctrine question here, we note that "[§] 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*." *In re Zurich Am. Ins. Co.*, No. 21-0302, 2021 WL 4473398, at *1 n.1 (6th Cir. Sept. 29, 2021) (order) (quoting *In re Trump*, 874 F.3d at 951 n.3). We therefore may review any issue involved in the district court's certified order, and we are not limited to the questions identified by the district court or the parties or the question that we address in this order. *Id.*

The petition for permission to appeal under 28 U.S.C. § 1292(b) is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk